**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CATHERINE M. STARR**                                                                 **PLAINTIFF**


**VERSUS**                                        **CIVIL ACTION NO. 2:05CV2107-KS-JMR**


**DAIMLERCHRYSLER CORPORATION,
C.E.O. and PRESIDENT,**

                                                                                            **DEFENDANTS**



**ORDER OF DISMISSAL**

This matter is before the court on Motion to Dismiss **[#4]** filed on behalf of the

defendants, DaimlerChrysler Corporation, its President and its CEO (collectively

"DCC").  The court, having reviewed the motion, the response, the pleadings and

exhibits on file, the briefs of counsel, the authorities cited and being fully advised in the

premises finds that the motion is well taken and should be granted.  The court

specifically finds,



**FACTUAL BACKGROUND**

According to the Complaint and an affidavit attached thereto, the plaintiff asserts

that DCC copied the design of an automobile manufactured by DCC, the PT Cruiser®,

from a model she purportedly created.  The photographs attached to the Complaint

depict plaintiff's model automobile as a three-dimensional figure of a vehicle with a

rounded body with four wheels appended thereto.  The plaintiff contends that DCC

copied her model into the design of the PT Cruiser® by spying on her.  The plaintiff

further asserts that sometime around October, November, or December of 1997, she

was called by the "head" of Chrysler regarding her model and was offered

compensation as high as $20,000,000 for it, an offer which she did not respond to.

Purportedly, the plaintiff was informed during this call that the PT Cruiser®  would come

out the next year, *i.e.*, in 1998.  The plaintiff states that when the car came out she was

shocked but took no action at the time.  The car was actually introduced in the 2000

model year and in some of her pleadings, the plaintiff indicates that she saw one being

driven around Hattiesburg about six months afterwards.


## PROCEDURAL POSTURE

The plaintiff filed the present action on October 27, 2005, asserting that DCC

had violated her copyright in the model she created that was purportedly copied in the

form of the PT Cruiser® .  She also alleges, arguably, that DCC infringed unnamed

intellectual property rights in producing the PT Cruiser® without compensating her for

her design.

The defendants have moved to dismiss under Rule12(b)(1) and (6), Federal

Rules of Civil Procedure asserting that the copyright claim should be dismissed for at

least three reasons.  First, that this court lacks subject matter jurisdiction in that the

plaintiff has not alleged ownership of a copyright registration or a pending application

for her model, which is a prerequisite under the U.S. Copyright Act to seek relief in

court.  Second, that the copyright claim is barred by the Copyright Act's three year

statute of limitations in that according to the Complaint, the plaintiff's claim accrued no

later than 1998 and, at more than seven years old, is out of time.  Third, that the

plaintiff's model that forms the basis of her claim is not entitled to copyright protection as a matter of law in that her model is a utilitarian and useful article, lacking any features protected under the copyright laws.

Finally, the defendants contend that the plaintiff's allegations which set forth unspecified intellectual property rights theft, to the extent not simply a restatement of the copyright claim, must also be dismissed because the Complaint fails to support any possible theory of intellectual property rights theft or infringement.

## STANDARD OF REVIEW

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If, however, the court limits its review to the face of the pleadings, the safeguards under Rule 12(b)(6) apply.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint and the attachments thereto. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the

Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also,  Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).


## <u>ANALYSIS</u>

The U.S. Copyright Act, 17 U.S.C. § 411(a) provides,". . . no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  In conformity with the dictates of this section, the Fifth Circuit has held that "registration with the copyright office is a *jurisdictional* prerequisite to filing a copyright infringement suit."  *Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 816 (5th Cir. 1997).  The plaintiff does not even allege that she has either filed a copyright application for her model or received a copyright registration for it.  The court is without subject matter jurisdiction to entertain the plaintiff's copyright infringement claim.

The heading to the plaintiff's Complaint also makes reference to "Intellectual Property Rights" without ever setting forth any specified rights which were stolen except as identified in relation to the copyright claim.  From the face of the Complaint, the court can identify no claim for which the plaintiff can recover from these defendants not already addressed.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion to

4

Dismiss **[#4]** is Granted and the plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGE that all other pending motions are dismissed as moot.  A separate judgement shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procdure.

SO ORDERED AND ADJUDGED this the 14th day of June, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE